IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE KINCAIDE,

    Petitioner,               No. CIV S-10-2068 FCD DAD P

    vs.

KATHLEEN DICKINSON, Warden,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motions for (1) an order to show cause; (2) an order initiating discovery; (3) an evidentiary hearing; and (4) the appointment of counsel.[1]

**PETITIONER'S REQUESTS**

I. Order to Show Cause

        First, petitioner requests that the court issue an order directing respondent to file an answer to his habeas petition.  In a concurrently filed order, the court has today directed

---

[1] Petitioner appears to have filed multiple copies of the same motion seeking an order to show cause, discovery, an evidentiary hearing and the appointment of counsel.  (See Doc. Nos. 2, 8, 9 & 10.)

1

respondent to file a response to petitioner's amended habeas petition. Accordingly, petitioner's request for an order to show cause will be denied as having been rendered moot.

II. Discovery

Second, petitioner requests the court to initiate discovery. Respondent, however, has yet to file a response to petitioner's amended habeas application. Accordingly, at this time the court will deny petitioner's request for discovery as premature. Petitioner is advised, however, that parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). Nonetheless, in order to obtain discovery a petitioner need not demonstrate that he will prevail on the claim underlying the discovery request. See Bracy, 520 U.S. at 909; Pham, 400 F.3d at 743. A request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing § 2254 Cases. Finally, federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Bracy, 520 U.S. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728.

III. Evidentiary Hearing

Third, petitioner requests an evidentiary hearing. The court must determine whether an evidentiary hearing is warranted in this habeas proceeding after respondent has filed

an answer. See Rule 8(a), Fed. R. Governing § 2254 Cases. Here, as noted above, this case has yet to reach that juncture. Accordingly, petitioner's request for an evidentiary hearing will also be denied at this time as premature. In this regard, however, petitioner is advised that under 28 U.S.C. § 2254(e)(2), a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).

IV.  Appointment of Counsel

Fourth, petitioner requests the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time. Accordingly, the court will deny petitioner's request for the appointment of counsel without prejudice to a renewal of such a request at a later stage of the proceedings.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that petitioner's August 4, 2010 motion (Doc. No. 2) and September 9, 2010 motions (Doc. Nos. 8, 9 & 10) are

denied as follows:

    1. Petitioner's request for an order to show cause is denied as having been rendered moot;

    2. Petitioner's request for an order initiating discovery is denied as premature;

    3. Petitioner's request for an evidentiary hearing is denied as premature; and

    4. Petitioner's request for the appointment of counsel is denied without prejudice to a renewal of such a request at a later stage of the proceedings.

DATED: September 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
kinc2068.mots