EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
JENNIFER A. NEILL, State Bar No. 184697
Supervising Deputy Attorney General
PAMELA B. HOOLEY, State Bar No. 161616
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1951
 Fax: (916) 322-8288
 E-mail: Pamela.Hooley@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **EUGENE KINCAIDE,** | 2:10-cv-02068-FCD-DAD |
| Petitioner, | **ANSWER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **KATHLEEN DICKINSON, Warden,** | |
| Respondent. | |

As an Answer to the Petition for Writ of Habeas Corpus filed by California life inmate

Eugene Kincaide, Respondent admits, denies, and alleges as follows:

1. Kincaide is in the lawful custody of the California Department of Corrections and

Rehabilitation serving a sentence of thirty-one years to life in prison, with the possibility of

parole, following his 1987 conviction for murder and robbery, with a gun enhancement. (*See* Pet.

at 1, 4; *see also* Pet., App. (Abstract of J.).)

2. Kincaide challenges the Board of Parole Hearings' 2004 and 2009 decisions finding

him unsuitable for parole and also alleges that his sentence was illegal because his high term was

determined by a judge, not a jury. (*See generally* Pet.)

///

1

3.     Beginning in 2006, Kincaide filed several related habeas petitions in various state courts.  On September 21, 2006,[1] he filed a petition for writ of habeas corpus in the Los Angeles County Superior Court challenging the Board of Parole Hearings' 2004 decision denying him parole at his first parole consideration hearing and challenging his sentence under *Cunningham v. California*, 549 U.S. 270 (2007), *United States v. Booker*, 543 U.S. 220 (2005) *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  (Ex. 1, Super. Ct. Pet. case no. BH00437; *see also Kincaide v. Hubbard*, case no. 2:07-cv-02410-WBS-KJM, Clerk's Docket (CD) 17[2].)

4.     On August 20, 2007, the superior court denied Kincaide's petition in a reasoned decision, finding "some evidence" supported the Board's 2004 decision, but not directly addressing Kincaide's challenge to his sentence .  (Ex. 2, Super. Ct. Order case no BH00437.)

5.     On January 18, 2007, Kincaide filed a habeas petition challenging the Board's 2004 decision in California's Second Appellate District, but did not include his challenge to his underlying sentence, and that petition was summarily denied on February 27, 2007.  (Ex. 3, Ct. App. Pet. case no. B196160; Ex. 4, Ct. App. Order case no. B196160; *see also* Ex. 5, Ct. App. Docket; *see also* Pet. App. at B2.)

6.     On March 28, 2007, Kincaide filed a petition for writ of habeas corpus in the California Supreme Court that was substantially similar to his superior court petition, and it was summarily denied on August 29, 2007.  (Ex. 6, Sup. Ct. Pet. case no. S151298; Ex. 7, Sup. Ct. Order case no. S151298; *see also* Pet. App. at B1.)

7. On October 18, 2007, Kincaide filed a federal petition for writ of habeas corpus in the United States District Court, Central District of California, *Kincaide v. Hubbard*, case no. 2:07-cv-06781-JSL-AGR, and that petition was later transferred to this Court and became case no. 2:07-cv-02410-WBS-KJM.  (Ex. 8, CD case no. 2:07-cv-02410-WBS-KJM.)

_____

[1] Although the superior court petition is stamped "filed" on September 21, 2006, it was presumably actually filed some time in 2007, as Kincaide dated it "3/2/2007" when he signed it and Kincaide cited "*Cunningham v. California*, [549 U.S. 270] DJ/D.A.R. 1003, 1005-11 (U.S. Jan. 22, 2007)."  (*See* Ex. 1 at 9, 11.)

[2] Respondent respectfully requests that the Court take judicial notice of its files in this earlier federal habeas petition filed by Kincaide in this Court.  Fed. R. Evid. 201.

2

8.      After the respondent filed a motion to dismiss, Kincaide voluntarily dismissed his petition in case number 2:07-cv-02410-WBS-KJM.  (CD case no. 2:07-cv-02410-WBS-KJM.)

9.      On September 4, 2009, Kincaide filed another petition for writ of habeas corpus in the Los Angeles County Superior Court, in which he again challenged the Board's 2004 decision finding him unsuitable for parole and in which he again claimed that his sentence was illegal under *Cunningham, Booker, Blakely*, and *Apprendi*.  (Ex. 10, Super. Ct. Pet. at 9, 17)  In addition, Kincaide also challenged the Board's April 16, 2009 decision denying him parole, claiming it was not supported by some evidence.  (Ex. 10 at 10-13.)  He also claimed that the Board's decision to defer his hearing for five years violated his ex post facto rights.  (Ex. 10 at 10.)

10.      On November 6, 2009, the superior court denied Kincaide's petition in a reasoned decision.  (Ex. 11, Super. Ct. Order case no. BH006336.)  The court relied on *In re Rosenkrantz*, 29 Cal. 4th 61, 667 (2002), *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1211, 1212, 1228 (2008), and *In re Shaputis*, 44 Cal. 4th 1241, 1258 (2008), which set forth California's applicable standard of judicial review, to find some evidence supported the Board's conclusion that Kincaide currently posed an unreasonable risk of danger to society based on his commitment offense, his criminal history, and other evidence in the record.  (Ex. 11 at 1-3.)  The court found his prison misconduct, consisting of seven disciplinary actions (CDCR 115s), including for possessing a weapon, for fighting, and one in 2004 for mutual combat, and thirteen administrative counseling chronos (CDCR 128s), provided some evidence he had been unable to avoid violent confrontation even in a controlled environment.  (Ex. 11 at 2.)  "Given the grave consequences of his past violent behavior, [his] recent violent outburst constitutes some evidence to support the Board's determination that he presently poses an unreasonable risk to public safety."  (Ex. 11 at 2.)  The superior court rejected Kincaide's ex post factor challenge because California Penal Code § 3041.5 had not changed his underlying indeterminate term, the formula for earning credits, the standards for determining his initial date for parole consideration, or the parole suitability criteria.  (Ex. 11 at 3 (citing *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 512-13 (1995).)  Finally, the court denied his challenge to his sentence under *Cunningham*, finding that case is not applicable to sentences imposed twenty years before it was decided.  (Ex. 11 at 3-4.)

3

11. On November 30, 2009, Kincaide filed a substantially similar habeas petition in California's Second Appellate District, and it was summarily denied on December 9, 2009. (Ex. 12, Ct. App. Pet. case no. B220565; Ex. 13, Ct. App. Order case no. B220565.)

12. On December 28, 2009, Kincaide filed a substantially similar habeas petition in the California Supreme Court which was summarily denied July 14, 2010. (Ex. 14, Sup. Ct. Pet. case no. S179093; Ex. 15, Sup. Ct. Order case no. S179093.)

13. Respondent admits that Kincaide exhausted his state court remedies regarding the claims raised in this Petition, namely, that his underlying sentence is illegal and that the Board's 2004 and 2009 decisions are not supported by some evidence. Respondent denies Kincaide has exhausted his claims to the extent they are interpreted more broadly to encompass any systemic issues beyond these claims.

14. Respondent denies that Kincaide's challenge to his underlying sentence is timely under 28 U.S.C. § 2244(d)(1). (*See* Ex. 16, Ct. App. Decision case no. B045898 (unpublished decision affirming Kincaide's conviction).) Further, that belated challenge to the 1987 judgment of the California Superior Court cannot in any event be combined in a petition challenging the separate post-judgment parole decisions. *Cf.* Habeas Rules 2(e).

15. Respondent denies that Kincaide's challenge to the Board's 2004 parole decision is timely under 28 U.S.C. § 2244(d)(1).

16. Respondent admits that Kincaide's challenge to the Board's 2009 parole decision is timely under 28 U.S.C. § 2244(d)(1).

17. Respondent denies that Kincaide sentence on his underling conviction violated his Sixth Amendment rights under *Cunningham v. California*, 549 U.S. 270 (2007).

18. Respondent denies that Kincaide has a federally protected liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979); *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *see also Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) (declining to decide whether California's parole statute creates a federally protected liberty interest in parole); *contra Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010) *petition for cert. filed*, 2010 WL 3511827 (U.S. Sept. 2, 2010) (No. 10-333).

19.    Respondent asserts that if there is a liberty interest in parole, the Supreme Court has held that an opportunity to be heard and a statement of reasons for the Board's decision satisfy due process. *Greenholtz*, 442 U.S. at 16. Because Kincaide received these protections, there is no basis in Supreme Court precedent for him to obtain relief under the Antiterrorism and Effective Death Penalty Act (AEDPA).

20.    Respondent denies that Kincaide has a federally protected liberty interest in state procedures, including California's some-evidence standard of judicial review. State laws may give rise to a federally protected liberty interest, *Greenholtz*, 442 U.S. at 7, 12; *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005), and state laws may provide greater protections than the federal Constitution requires. *California v. Ramos*, 463 U.S. 992, 1013-14 (1983). While a federal liberty interest may arise from state law, that does not elevate state procedures to federally required procedures; instead the only process due are the protections required by the federal Due Process Clause. *Wolff*, 418 U.S. at 557 (liberty interest "entitle[s] [inmate] to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"); *Austin*, 545 U.S. at 224 ("[a] liberty interest having been established, we turn to the question of what process is due" under the federal Constitution). ); *see also Wilson v. Corcoran*, 562 U.S. ___, 2010 WL 4394137 at *2-3 (Nov. 8, 2010)..

21.    Respondent denies that federal courts can grant habeas relief to an inmate challenging a parole suitability determination based on a perceived error by the state courts in applying the California's some evidence standard of judicial review. Federal habeas relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 68, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Thus, whether the California courts correctly found that the Board's 2008 decision satisfied state procedures and standards is a state law question, not a federal question.

22.    Respondent denies that Kincaide is entitled to federal habeas relief based on violations of circuit precedent. The Ninth Circuit recently held that the federal courts may review the evidentiary sufficiency of California parole decisions under the California some-evidence test. *Pearson v. Muntz*, ___ F.3d ___, 2010 WL 4227461 (9th Cir. Oct. 26, 2010); *Cooke*, 606 F.3d at

5

1213. But circuit authority cannot independently provide a basis for federal habeas relief because, under AEDPA, only the United States Supreme Court's holdings constitute "clearly established Federal law" and provide potential grounds for relief. *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The Supreme Court reiterated that a circuit decision "does not constitute 'clearly established Federal law,' as determined by the Supreme Court, . . . so any failure to apply [a circuit] decision cannot independently authorize habeas relief under AEDPA." *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866 (2010).

23. Respondent denies that no evidence supports the Board's conclusion that Kincaide remained an unreasonable risk of danger to society in light of his commitment offense, his criminal history, and his prison misconduct.

24. Kincaide fails to state or establish any grounds for relief under AEDPA.

25. An evidentiary hearing is unnecessary because Kincaide's claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

26. Even if the state courts misapplied Supreme Court precedent, the remedy is limited to providing the process that is due, which would be an order remanding the matter to the Board to proceed in accordance with due process. *Haggard v. Curry*, __ F.3d __, 2010 WL 4015006, *5 (9th Cir. 2010); *In re Prather*, 50 Cal. 4th 238, 257 (2010) (remand to Board to proceed in accordance with due process appropriate remedy; ordering release to parole in Board case "improperly intrudes upon the Governor's independent constitutional authority to review the Board's parole decision.").

27. Except as expressly admitted, Respondent denies the allegations of the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

California life inmate's Charles Kincaide's Petition should be denied in its entirety. His challenge to his underlying sentence, which was imposed in 1987 and became final in 1990, is untimely and should be dismissed. Similarly, his challenge to the Board's 2004 parole denial is also untimely and should be dismissed. Finally, his challenge to the Board's 2009 parole denial

///

6

should be denied because the state courts' adjudication of his claims did not contradict or unreasonably apply any clearly established Supreme Court precedent.

**ARGUMENT**

**I.    KINCAIDE'S SENTENCING CHALLENGE IS UNTIMELY AND SHOULD BE DISMISSED.**

AEDPA, which was enacted on April 24, 1996, applies to all petitions for writs of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA's statute of limitations, a state prisoner has one year from the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year limitations period is tolled during the "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Kincaide was convicted in 1987, and the appellate court denied his appeal of his conviction on February 23, 1990. (*See* Pet. at 1, 5, App. (Abstract of J.); Ex. 16.) Thus, his conviction became final forty days later, on April 4, 1990. Cal. R. Ct. 8.264, 8.500. Kincaide did not file his Petition until August 4, 2010, over twenty years later, and his state habeas petitions were not filed until 2006, over sixteen years after his conviction became final. (*See* Ex. 1.) Kincaide filed an earlier federal habeas petition raising this same claim, but that federal petition did not toll AEDPA's one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 180 (2001). Thus, Kincaide is not entitled to statutory tolling and this untimely claim should be dismissed. Indeed, this claim cannot be combined into this Petition at all because only one judgment may be attacked in this Petition, Habeas Rule 2(e), and the deadline for timely challenging the 1987 judgment is long since expired.

**II.    KINCAIDE'S UNTIMELY CHALLENGE TO THE BOARD'S 2004 PAROLE SHOULD BE DISMISSED.**

Kincaide's Petition also challenges the Board's April 22, 2004 parole denial, which became final on August 20, 2004. (*See* Ex. 1 at 135.). Thus, absent statutory tolling Kincaide had until August 20, 2005 to file his federal Petition. 28 U.S.C. § 2244(d)(1); *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004). But

7

Kincaide did not file his Petition until five years later.  AEDPA's statutory tolling provision cannot save this claim because his state petitions were filed in 2006, after the limitations period had already expired.  *Jimenez v. Rice*, 276 F.3d 478, 482 (9thCir. 2001) (by filing state habeas petitions after AEDPA's limitations period ended, his "delay resulted in an absolute time bar"). And Kincaide's prior federal petition did not toll the limitations period for this claim either. *Walker*, 533 U.S. at 180.  Thus, this untimely claim should also be dismissed.

**III.   KINCAIDE'S CHALLENGE IS MERITLESS.**

Even if Kincaide had timely raised his challenge to his underlying sentence, that claim fails and should be dismissed.  Kincaide is apparently claiming that the imposition of an upper term by the judge, rather than by a jury violated his Sixth Amendment rights based on *Cunningham*, 549 U.S. 270.  (*See* Pet.; *see also* Ex. 1 at 9, 12; Ex. 10 at 9, 17.)

In *Cunningham*, the Supreme Court addressed the validity of California's Determinate Sentencing Law (DSL), which allowed the imposition of an upper term sentence if a judge found an aggravating circumstance.  *Cunningham*, 549 U.S. at 288-89.  In *Cunningham*, the high court reviewed its previous decisions including *Apprendi*, 530 U.S. 466 and *Blakely*, 542 U.S. 296, which held that, except for the fact of a prior conviction, any fact that increases a sentence beyond the statutory maximum must be decided by a jury.  *Id.* at 281-87.  *Cunningham* found that because the middle term prescribed in the DSL was the "relevant statutory maximum," the DSL violated the Sixth Amendment because it "authorize[d] the judge, not the jury to find facts permitting an upper term sentence."  *Id.* at 288-89.

But these Sixth Amendment rules, set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), do not extend to judgments made final prior to *Blakely*.  *See Chioino v. Kernan*, 581 F.3d 1182, 1184 n.1 (9th Cir. 2009).  Moreover, to the extent this Court would even consider the merits in the alternative (given the other procedural defects), it is also fatal that such Sixth Amendment rules were not in place when the underlying judgment became final on direct appeal.  *See Beard v. Banks*, 542 U.S. 406, 413 (2004); *Teague v. Lane*, 489 U.S. 288 (1989).

/ / /

/ / /

8

**IV.   BECAUSE THE STATE COURTS DID NOT CONTRADICT OR UNREASONABLY APPLY THE SUPREME COURT'S PAROLE HOLDINGS, KINCAIDE IS NOT ENTITLED TO RELIEF UNDER AEDPA.**

AEDPA authorizes federal habeas relief only if the California court decisions upholding the 2009 parole denial were: "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings." 28 U.S.C. § 2254(d). An unreasonable application of federal law is different from an incorrect application of federal law. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. The application must be "objectively unreasonable." *Id*. at 409. AEDPA thus, imposes a "highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Lett*, 130 S. Ct. at 1862 (citations omitted). Kincaide is not entitled to federal habeas relief under 28 U.S.C. § 2254(d)(1) because he cannot show that the California court decisions denying his challenge to his conviction and upholding the Board's 2009 parole decision were contrary to, or involved an unreasonable application of, clearly established federal law.

**A.   Kincaide Received Process Deemed Sufficient Under *Greenholtz*, The Only Clearly Established On Point Supreme Court Authority.**

The only Supreme Court holding addressing the process sufficient to protect a state-created liberty interest in parole is *Greenholtz*, where the Supreme Court found that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. The Supreme Court held that due process is satisfied if the inmate receives an opportunity to be heard and a statement of the reasons for the parole denial, and the "Constitution does not require more." *Id*. The Supreme Court has never held that the Due Process Clause requires state parole decisions to be reviewed for evidentiary sufficiency. On the contrary, "nothing in the due process concepts as they have thus far evolved [ ] requires the Parole Board to specify the particular 'evidence' in the inmate's

9

file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Id*. at 15; *see also Pearson*, 2010 WL 4227461, at *3-4 (Ikuta, J., dissenting from the denial of rehearing en banc).  An en banc panel of the Ninth Circuit in *Hayward* recently confirmed that no Supreme Court decision requires state parole decisions be reviewed for evidentiary sufficiency, much less for some evidence of the inmate's current dangerousness.  603 F.3d at 558-61.

Here, Kincaide received an opportunity to be heard and a statement of the reasons for the parole denial.  (*See* Ex. 14 at D1-D80.[3])  Because he was provided the *Greenholtz* protections and because no clearly established federal law requires state parole decisions to be reviewed for evidentiary sufficiency, the California court decisions upholding the Board's decision were neither contrary to, nor involved an unreasonable application of, *Greenholtz* – the only applicable clearly established federal law.  28 U.S.C. § 2254(d)(1).

**B.**   **Even under Ninth Circuit Precedent, the State Court Decisions Must Be Upheld Because There Is Some Evidence Supporting the Board's Finding that Kincaide Is Unsuitable for Parole.**

Kincaide argues that he is entitled to federal habeas relief because the Board's decision is not supported by some evidence. (*See* Pet. at 5-6.)  Respondent acknowledges that the Ninth Circuit has held that federal courts "need only decide whether the California judicial decision approving the [Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"*Hayward*, 603 F.3d at 562-63.  Subsequent panels have interpreted *Hayward* to find that federal courts must examine how California courts apply the California some-evidence test because it is a "component" of California inmates' liberty interest in parole, and thus compliance with that standard is mandated by the federal Constitution.  *Pearson*, 2010 WL 4227461, at *8; *Cooke*, 606 F.3d at 1206; but see *Wilson v. Corcoran*, ___ U.S. ___, 2010 WL 4394137, *2 (2010) (per curiam) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Pearson*, 2010 WL

_____

[3] Reference is made to the handwritten page numbers on the 2009 transcript, which is attached as Exhibit D to Kincaide's California Supreme Court habeas petition.

4227461 at *4 (Ikuta, J., dissenting from denial of rehearing en banc, "Contrary to *Pearson's* mode of analysis, it is simply irrelevant whether the state court made a factual error in determining that there was "some evidence" of the California parole suitability factors."); *Slater v. Sullivan*, 2010 WL 4117080, *1 (9th Cir. 2010) (Kleinfeld, J., dissenting, *Hayward* "cannot be read to allow for us to become something akin to a state parole board or appellate court.")  In any event, under *Hayward*, and even under *Pearson* and *Cooke*, Kincaide is not entitled to federal habeas relief because the state courts properly applied California's standard of judicial review.

When as here, the California Supreme Court issues a summary denial, the Court looks to the last reasoned state court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).  Accordingly, this Court should "look through" to the last reasoned decision, which was issued by the superior court.  (Ex. 11.)  That court did not unreasonably apply the some-evidence test given the facts and circumstances of Kincaide's crime, his criminal history, and his prison misconduct..

After citing *Rosenkrantz, Lawrence,* and *Shaputis* as the applicable standard of review, the superior court found that Kincaide's inability to behave in prison, as reflected by his prison disciplinary record of violence, coupled with his crime and criminal history provided the requisite some-evidence to support the Board's decision. (Ex. 11.)  Thus, the state courts identified the proper state standard, evaluated Kincaide's claims under that standard, and concluded that some evidence supported the Board's decision that Kincaide currently poses a threat to public safety. The state courts did not unreasonably apply the state some-evidence test in reaching this conclusion. *Lawrence*, 44 Cal. 4th at 1228 (combination of factors provides evidence of current risk).  As the superior court explained, "[g]iven the grave consequences of his past violent behavior, [Kincaide's] recent violent outburst constitutes some evidence to support the Board's determination that he presently poses an unreasonable risk to public safety." (Ex. 11 at 2.)

AEDPA's highly deferential standard of review requires that these state court decisions be given the benefit of the doubt.  *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).  As the Supreme Court recently explained, that a different conclusion could reasonably have been made does not justify overturning the state courts' rulings. *Lett*, 130 S. Ct. at 1864.  "Because AEDPA authorizes the federal courts to grant relief only when state courts act *unreasonably*, it follows

11

that '[t]he more general the rule' at issue – and thus the greater the potential for reasoned disagreement among fair-minded judges – 'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Id.* (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420, (2009).) California's some evidence standard is a broad and deferential standard. *Rosenkrantz*, 29 Cal. 4th 616, 677.); *Lawrence*, 44 Cal. 4th at 1212, 1214, 1221. Thus, evaluating the state court decisions with the deference required under AEDPA, this Court cannot find that the state courts acted unreasonably. Accordingly, Kincaide is not entitled to federal habeas relief, and his Petition should be denied.

**V.   BECAUSE THE STATE COURTS DID NOT MAKE ANY FACTUAL DETERMINATIONS, KINCAIDE IS NOT ENTITLED TO RELIEF UNDER 28 U.S.C. § 2254(D)(2).**

Kincaide has not alleged and cannot show that the California courts made unreasonable factual determinations. 28 U.S.C. § 2254(d)(2). Federal habeas relief under § 2254(d)(2) is only available where a state inmate is incarcerated in violation of federal law and the state courts' determination otherwise was based on an objectively unreasonable determination of the facts. 28 U.S.C. § 2254(a), (d)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This standard is inapplicable because the state courts' adjudication of Kincaide's petition did not turn on factual findings, but rather the application of law to established record facts. (Ex. 11); *Rosenkrantz*, 29 Cal. 4th at 664-65.

There is a key distinction between the interpretation of record facts and the determination of disputed facts, a distinction the Ninth Circuit recently recognized in *DeWeaver v. Runnels*, 556 F.3d 995, 1007 (9th Cir. 2009). There, the petitioner argued that he was entitled to relief under § 2254(d)(2) because the state court failed to consider material evidence when finding there was no evidence of coercion. 556 F.3d at 1006-07. The court rejected this argument, noting that "DeWeaver disagrees with the state court's *interpretation* of the record but does not point to any material fact that the court failed to consider." *Id.* at 1007. Because the inmate only challenged the state courts' interpretation of the evidence, the proper question was whether under § 2254(d)(1), the state "court's *legal conclusion* regarding coerciveness was contrary to or an unreasonable application of Supreme Court precedent." *Id.* (emphasis added); *accord Evans v.*

12

*Rogerson*, 223 F.3d 869, 871 (8th Cir. 2000); *Johnson v. Carroll*, 369 F.3d 253, 259 (3d Cir. 2004).  Here, Kincaide essentially challenges the state courts' interpretation of and reliance on record facts.  But he does not argue that the state courts failed to consider the evidence; instead, he has only claimed that the Board's decision was not supported by some evidence.  (*See generally* Pet.)  In adjudicating Kincaide's claims, the state courts reached a legal conclusion that the Board's decision was supported by some evidence but did not make factual determinations.  *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (a finding that there was some evidence in the record supporting a disciplinary finding is a "legal conclusion" reviewed de novo).  Accordingly, Kincaide is not entitled to federal habeas corpus relief under § 2254(d)(2).

Similarly, the Ninth Circuit has held that an inmate's challenge to the sufficiency of the evidence to support a conviction must be viewed under § 2254 (d)(1), not (d)(2).  *Sarausad v. Porter*, 479 F.3d 671, 677-78 (9th Cir. 2007), *overruled on other grounds in Waddington v. Sarausad*, 129 S. Ct. 823 (2009).  Simply stated, "§ 2254(d)(2) is not readily applicable to" challenges to the sufficiency of the evidence, and "we therefore evaluate a state court's resolution of a . . . sufficiency-of-the-evidence claim in all cases under § 2254(d)(1) rather than § 2254(d)(2), as we have already held."  *Sarausad*, 479 F.3d at 677-78 (citing *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005)).  A court evaluating the sufficiency of the evidence "makes no 'determination of the facts' in the ordinary sense of resolving factual disputes.  Rather, the court views the evidence in the light most favorable to the prosecution without resolving any disputed factual questions."  *Id.*; *see also Bruce v. Terhune*, 376 F.3d 950, 959-60 (9th Cir. 2004) (O'Scannilan, J. Concurring) (sufficiency of the evidence is "quintessentially a legal question" reviewed under § 2254(d)(1), not (d)(2)).  And the Supreme Court recently analyzed a sufficiency of the evidence challenge under § 2254 (d)(1).  *McDaniel v. Brown*, 130 S. Ct. 665, 672, 175 L. Ed. 2d 582 (2010).  Thus, the state courts' application of facts to the state's standard for evidentiary sufficiency is not subject to review under § 2254(d)(2).

Finally, to the extent that the state courts' identification of existing facts in the record constitutes a factual determination, those determinations are presumed to be correct.  28 U.S.C. § 2254(e)(1).  Those findings may not be rejected because a reviewing court would have reached

13

a different conclusion based on the same record. *King v. Schriro*, 537 F.3d 1062, 1068 (9th Cir. 2008). Instead, a state court's factual findings must stand unless the petitioner presents clear and convincing evidence that those findings are objectively unreasonable. *Id.*; 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340. Kincaide does not allege that the state courts made any factual errors. (*See generally* Pet.) Instead, he essentially disputes the weight accorded to the record evidence by the Board by the state courts in light of their conclusion that the Board's decision was supported by some evidence judicial review. But Kincaide's disagreement does not constitute clear and convincing evidence that the state courts' rulings were based on any objectively unreasonable factual determinations. Thus, even if § 2254(d)(2) applies, his dispute does not entitle him to habeas relief under AEDPA. *Wilson*, 2010 WL 4394137 at *3 (federal court cannot rely on (d)(2) to grant habeas relief absent a violation of federal law).

## CONCLUSION

Kincaide's challenges to his underlying conviction and to the Board's 2004 decision are untimely and should be dismissed. While his challenge to the Board's 2009 decision is timely, that claim should also be denied because the state courts did not unreasonably apply or contradict clearly established Supreme Court precedent when they denied his state court petitions. Accordingly, Kincaide's federal Petition should be denied in its entirety.

Dated:  November 15, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
JENNIFER A. NEILL
Supervising Deputy Attorney General

*/s/ Pamela B. Hooley*

PAMELA B. HOOLEY
Deputy Attorney General
*Attorneys for Respondent*

SA2010303292
31139108.doc

14

# CERTIFICATE OF SERVICE

Case Name:   **Kincaide, Eugene v. Kathleen**        No.   **2:10-cv-02068-FCD-DAD**
             **Dickinson, Warden**

I hereby certify that on <u>November 15, 2010</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 15, 2010</u>, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Eugene Kincaide, D-64290
California Medical Facility
P.O. Box 2000
Vacaville, CA  95696-2000

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 15, 2010</u>, at Sacramento, California.

| | |
|---|---|
| S. Straw | */s/ S. Straw* |
| Declarant | Signature |

31140950.doc