# EXHIBIT 11

# EXHIBIT 11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | NOVEMBER 6, 2009 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | J. A. RAMIREZ | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 006336
In re,
EUGENE KINCAIDE,
　　　　　Petitioner,

On Habeas Corpus

Counsel for Petitioner.

Counsel for Respondent:

Nature of Proceedings: ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS

The Court has read and considered the Petition for Writ of Habeas Corpus filed on September 4, 2009 by the Petitioner. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the determination that the Petitioner currently presents an unreasonable risk of danger to society and is, therefore, not suitable for release on parole. See *In re Lawrence* (2008) 44 Cal.4th 1181, 1205-06; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667; Cal. Code Reg. tit. 15, §2402.

The Petitioner was received into the Department of Corrections and Rehabilitation on August 18, 1987 after convictions for murder in the first degree and robbery. Cal. Pen. Code §§ 187, 211. He was sentenced to a term of twenty-five years to life plus six years for the robbery conviction and a firearm sentencing enhancement. His minimum parole eligibility date was February 4, 2004.

The record reflects that on the evening of December 17, 1983, the Petitioner and a co-defendant were waiting outside William Mendoza's place of business in the city of Los Angeles when Mendoza and Marilyn High exited the building. The Petitioner, armed with a knife, approached High, forced her to the ground and robbed her. The co-defendant approached Mendoza armed with a firearm, but Mendoza was unwilling to give up his valuables. The co-defendant then shot Mendoza in the eye, killing him instantly. High then indicated that there was no cash on site in the building and the two men fled the scene.

The Board found the Petitioner unsuitable for parole after a parole suitability hearing held on April 16, 2009. The Petitioner was denied parole for five years. The Board concluded that the Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision in large part on the Petitioner's commitment offense, criminal history, and his disciplinary record in prison. The Court finds that there is some evidence to support the Board's determination that the Petitioner currently presents an unreasonable risk of danger to society.

The Board began its decision by discussing the Petitioner's commitment offense, finding the murder "especially heinous" because it involved multiple victims and because the motive was very trivial. Cal. Code Regs., tit. 15, § 2402, subds. (c)(1)(A), (c)(1)(E). The Court agrees. There were two victims in this case, even if only one was actually murdered. Moreover, Mr. Mendoza was killed simply because he refused to give the

1

Minutes Entered
11-06-09
County Clerk

| Date: | NOVEMBER 6, 2009 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | J. A. RAMIREZ | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 006336
In re,
EUGENE KINCAIDE,
                    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

---

co-defendant his wallet. Such a motive for murder is very trivial in relation to other motives for murder. *In re Ross* (2009) 170 Cal. App. 4th 1490, 1507 [holding motive for murder was "very trivial" where motive was to steal victim's boots and wallet]. The Petitioner rightly asserts that his 26-year-old commitment offense is not, by itself, probative of his current dangerousness. Nevertheless, the Court finds that the commitment offense provides some evidence of his present dangerousness when viewed in light of other evidence in the record that supports the Board's conclusion. See *In re Lawrence, supra,* 44 Cal.4th at 1211, 1228.

In addition to his commitment offense, the Board also considered two other factors in the record to conclude that the Petitioner is unsuitable for parole. The Board briefly addressed its concern with the Petitioner's lengthy criminal history, including numerous robberies and burglaries as well as a conviction for battery. It went on to note, however, that both the Petitioner's criminal history and commitment offense are "static factors" which "diminish in their importance over time." The Board then observed that "the important thing" in determining his present risk to public safety is "how [the Petitioner has] done since" he has been in prison. In that respect, the Board was concerned with the Petitioner's disciplinary record in prison.

In Prison, the petitioner has been issued seven CDCR-115 citations for serious violations of prison rules and thirteen CDCR-128 citations for administrative violations of prison rules. Most important among these for the Board were a 1988 citation for possessing a weapon, a 1993 citation for fighting, and a 2004 citation for mutual combat with another inmate. Indeed, it was the 2004 citation that the Board thought most probative of the Petitioner's present risk of violence. The Board was concerned that the Petitioner's inability to avoid violent confrontation in a controlled environment as recently as 2004 indicated that the Petitioner is presently dangerous. Given the grave consequences of his past violent behavior, the Petitioner's recent violent outburst constitutes some evidence to support the Board's determination that he presently poses an unreasonable risk to public safety. *In re Lawrence, supra,* 44 Cal.4th at 1212.

The Board also considered the Petitioner's post-conviction rehabilitative progress. The Board commended the Petitioner for his excellent work reviews, his progress toward completing his first vocational certificate, his enrollment in anger management courses after his last violent confrontation, his participation in AA, and his diligence in researching and securing post-release employment and housing plans. It was particularly impressed with the Petitioner's progress because the Petitioner suffers from a learning disability and mild cognitive impairment. It further complimented the Petitioner on his remarkable artistic ability. The Board encouraged the Petitioner to remain discipline-free, to complete his vocational certificate in janitorial services,

2

| Date: | NOVEMBER 6, 2009 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | J. A. RAMIREZ | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 006336
In re,
EUGENE KINCAIDE,
        Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

and to continue to engage in self-help and educational programs to the extent that his cognitive faculties permit. It then concluded that the Petitioner would pose an unreasonable threat to public safety at this time and found him unsuitable for parole for five years. Cal. Pen. Code §3041(b). Because the Board's interpretation of the evidence is "reasonable and reflects due consideration of all relevant statutory factors," the Court affirms the Board's judgment. *In re Shaputis* (2008) 44 Cal.4th 1241, 1258.

The Petitioner asserts that a number of other justifications that the Board gave in denying his parole application were inadequate. Because the Court finds that the reasons listed above provide sufficient evidence of the Petitioner's current dangerousness to warrant a denial, the Court declines to address his other claims.

The Petitioner also contends that the Board's application of The Victim's Bill of Rights Act of 2008, or Marsy's Law, violates the *ex post facto* clause of the United States Constitution. The Court rejects this argument. The Board properly applied the law as set forth in Art. I Sec. 28 of the California Constitution and Cal. Pen. Code § 3041.5. The new standard does not trigger *ex post facto* concerns because it does not change the applicable indeterminate term, the formula for earning sentence reduction credits, or the standards for determining either the initial date of parole eligibility or the prisoner's suitability for parole. *John L. v. Superior Court* (2004) 33 Cal. 4th 158, 181-182; see also *Cal. Dep't of Corr. v. Morales* (1995) 514 U.S. 499, 512-513 [rejecting a claim that a post-conviction change in the frequency of parole suitability hearings violated the *ex post facto* clause of the U.S. Constitution].

Subsequent hearings for inmates who are not granted parole must be scheduled 15 years after a finding of unsuitability, unless the Board finds by clear and convincing evidence that public safety does not require that additional period of incarceration. Cal. Pen. Code § 3041.5, subd. (b)(3). Here, the Board determined by clear and convincing evidence that the Petitioner does not require more than five years of incarceration. The Court finds that, in light of the facts in the record, this was not a manifest abuse of the Board's broad discretion under Cal. Pen. Code § 3041.5, subd. (d)(2), and must affirm the Board's five-year denial.

Finally, the Petitioner argues that his sentence violates his Sixth Amendment right to trial by jury because, in assinging the upper term sentence, the sentencing judge considered a number of aggravating factors that were not found true by a jury beyond a reasonable doubt. For this proposition, he cites the decision in *Cunningham v. California* (2007) 549 U.S. 270, which held that California's Determinate Sentencing Law ("DSL") violated the Sixth amendment by permitting a judge to sentence a defendant to the upper term using

3

| Date: | NOVEMBER 6, 2009 | | | |
|---|---|---|---|---|
| Honorable: | PETER ESPINOZA | Judge | J. A. RAMIREZ | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 006336
In re,
EUGENE KINCAIDE,
        Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

aggravating factors that had not been found true by a jury. The decision in *Cunningham*, however, is not retroactive to sentences imposed 20 years before it was decided, and the Petitioner's 1987 sentence must stand. Compare *In re Gomez* (2009) 45 Cal.4th 650, 657 [holding that *Cunningham* merely applied the rule announced in *Blakely v. Washington* (2004) 542 U.S. 296 to the California DSL]; with *Cooper-Smith v. Palmateer* (9th Cir. 2005) 397 F.3d 1236, 1245-46 [no retroactive application of *Blakely* rule to sentence imposed in 1987].

Accordingly, the petition is denied.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Eugene Kincaide
D-64290
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

Department of Justice – State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
Attn: Ms. Cynthia Lumely

4

| Minutes Entered |
|---|
| 11-06-09 |
| County Clerk |

# EXHIBIT 12

# EXHIBIT 12

LT
NOV 3 0 2009

# B220565

**MC-275**

Name: __Eugeae Kincaide__

Address: __Calif.Med.Fac. (I-213-L)__

__P.O. Box 2000__

__Vacaville, CA 95696-2000__

CDC or ID Number: __D#64290__

ORIGINAL

FILED

NOV 30 2009

__CALIFORNIA APPEALS COURT__

__FOR THE (2ND DISTRICT)__

(Court)

| IN RE EUGENE KINCAIDE |
|---|
| Petitioner |
| vs. |
| ON HABEAS CORPUS |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

X - REF #

| (Case Number - Caption) | NOA/Pet Date | Matches | Status | Disposition | County | Division |
|---|---|---|---|---|---|---|
| B196160 - Kincaide v. The People et al. | 01/18/2007 | A460850 | complete | 02/27/2007 - den | Los Angeles | 2 |
| B106308 - Gilliam v In Re Lesso James Gilliam On H.C. | 10/16/1996 | A460850 | complete | 10/29/1996 - den | Los Angeles | 2 |
| B045898 - The People v Kincaide | 03/03/1987 | A460850 | historic | 02/23/1990 - aff | Los Angeles | 2 |
| B027571 - The People v Gilliam | 04/08/1987 | A460850 | historic | 02/09/1988 - drf | Los Angeles | 2 |
| B026808 - The People v Gilliam | 03/03/1987 | A460850 | historic | 12/15/1989 - aff | Los Angeles | 2 |
| B021925 - Gilliam v S.C.L.A.Co. | 07/25/1986 | A460850 | historic | 07/28/1986 - den | Los Angeles | 1 |

Page 1 of 4

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.

**This petition concerns:**

- [ ] A conviction
- [X] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: **Eugene Kincaide**

2. Where are you incarcerated? **California Medical Facility**

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

**1st degree murder**

**enhhncements of gun use**

b. Penal or other code sections: **(PC 187) & (PC 12022(a))**

c. Name and location of sentencing or committing court **Norwalk Courthouse**

**County of Los Angeles**

d. Case number: **A#460850**

e. Date convicted or committed: **Feb/1987**

f. Date sentenced: **Feb/1987**

g. Length of sentence: **31-years to life**

h. When do you expect to be released? **Unknown/No parole date set...**

i. Were you represented by counsel in the trial court? [X] Yes. [ ] No. If yes, state the attorney's name and address:

**M. Carney, Esq.,**

**Attorney at Law**

4. What was the LAST plea you entered? *(check one)*

[X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

## (I) JURISDICTION:

Petitioner presents his Petition for Writ of Habeas Corpus under the authority of U.S. Const., Art 1, Sec 9, Cl 1; Calif. Const., Art 6, Sec 10; and Penal Codes 1473-1505, of; 28 USC 2241 & 2254.

The courts has stated that petitioners may bring a habeas action when their constitutional or statutory rights have been violated, Coleman v. Thompson, 501 US 722, 749-750 (1991); In re Williams, 183 Cal 11, 14 (Cal,1920).

A habeas corpus is a collateral attack against a final judgement of criminal conviction, the petitioners bears a heavy burden to plead sufficient grounds for relief, all presumptions favor the truth and accuracy of the conviction, the defendant has the burden to overturn them, People v. Gonzales, 51 Cal 3d 1179, 1260 (Cal,1990).

The petition should state fully the facts and law relied upon for relief, People v. Karis, 46 Cal 3d 612, 656 (Cal,1988); the petition must include copies of any reasonable documentary evidence supporting claims for relief such as transcripts or declarations, In re Harris, 5 Cal 4th 813, 827 (Cal, 1993).


## (II) ORDER TO SHOW CAUSE & APPOINTMENT OF COUNSEL:

Petitioner is challenging the constitutionality of an invalid law (i.e. Penal Codes 667 & 1170.12) and may raise the claims in a successive petition, In re Clark, 5 Cal 4th 750, 797-798 (Cal,1993). A miscarriage of justice is being alleged which justifies further a successive petition, In re Robbins, 18 Cal 4th 770, 780-781 (Cal,1998); McClesky v. Zant, 499 US 467, 494 (1991).

The factual & legal predicates have been established within the habeas to issue an "Order To Show Cause" for review, In re Sixto, 48 Cal 3d 1247, 1251-1252 (Cal,1989) and People v. Romero, 8 Cal 4th 728, 739 (Cal,1994).

///
///

In the interest of justice and to facilitate and expedite these proceedings, petitioner move the court to appoint counsel in this matter due to the issues being sophisticated and complex and petitioner being disadvantaged to argue his case due to his incarceration, People v. Barton, 21 Cal 3d 513, 519 n.3 (Cal,1978) and People v. Banner, 3 Cal App 4th 1315, 1325 (Cal.App.Ct.1992).

(III) EVIDENTIARY HEARING:

Although petitioner is a pro per in this litigation, the court must grant deference to his pleading due to him not being an attorney, Maleng v. Cook, 490 US 488, 493 (1989); and held his pleadings to a lesser standard compared to works by skilled lawyers, Haines v. Kerner, 404 US 519, 520 (1972).

The court is moved for an evidentiary hearing to plead and prove the claims being raised herein and with counsel instead of adjudicating matter from a cold record compared to in court litigation of the claims, Keeney v. Tamayo-Reyes, 504 US 1, 11-19 (1992); In re Sauders, 2 Cal 3d 1033, 1047-1048 (Cal, 1970) and In re Fields, 51 Cal 3d 1063, 1070 (Cal,1990).

It is noted, the evidentiary hearing is justified and needed due to a miscarriage of justice claim and challenge to an invalid statute is being made for relief.

///

///

///

///

2(b)



## 6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*



DUE PROCESS VIOLATION OF THE (PAROLE BOARD) NOT GRANTING PETITIONER A PAROLE DATE AFTER MEETING THE CRITERIA OF THE MATRIX FOR PAROLE AND DUE TO THE BOARD DENYING PAROLE UNDER THE SOME EVIDENCE RULE GRANTING OR DENYING PAROLE...

U.S. Const., Amendment 14 & Calif. Const., Art 1, Sec 15

### a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner is incarcerated for the offense PC 187 (murder) and PC 211 (robbery) and received a term of 31-years to life. Todate this petitioner have served 20-years of the term and appeared for his 1st parole board hearing on April (2004), parole was denied for a 4-year order until the next appearance in (2008).

Under PC 1473-1505, petitioner filed a Petition for Writ of Habeas Corpus, since the Parole Board no longer have any appeal procedures and such practices were abolished or repealed in (2002), petitioners are now legally permitted to proceed habeas corpus actions into the courts without exhausting any Administrative Remedies prior to filing actions in the courthouses.

Judicial notice is requested pursuant to Evidence Code 450-459 of petitioner exercising due diligence in filing habeas corpus in the Superior Court in case no# A-460850-01 and the California Court of Appeals (2nd District) in case no# B-196160 at (EX#A). Both the Superior Court and the Court of Appeals denied habeas relief in ("postcard") denial fashion or mode without offering any legal factual or legal analysis why the writ should be denied. No opinion has been offered for the Supreme Court to defer to. A ("de novo") review is requested.

(CONTINUED NEXT PAGE)...

### b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Greenholtz v. Inmates of Nebraska Penal, 442 US 1, 7-11 (1979)

Board of Pardon v. Allen, 482 US 369, 373 (1987)

McQuillon v. Duncan, 306 F3d 895, 900-904 (9th Cir, 2002)

Biggs v. Terhune, 334 F3d 910, 913-917 (9th Cir, 2003)

Irons v. Curey, 338 FSupp 2d 936, 938-944 (E.D.Cal, 2005)

In re Dannenberg, 34 Cal 4th 1061, 1063-1070 (Cal, 2005)

GROUND#1 (CON'T):

The (EX#B) series shows petitioners level of educational/vocational back-ground and level of understanding. Most of petitioners academic skills are below 3rd grade and this petitioner is being assisted by other inmates in submitting his legal works to the court. Counsel is requested in this mat-ter to assist the courts and petitioner presenting his case since petitioner is unable to do so for himself.

The (BPT) Parole Board set a 2-tier criteria for parole at (EX#C 8) claim-ing: (1) the board review the actual crime, prior convictions, social history, and parole plans, (2) the board review prison program, counselor & psycholo-gist reports, and letters for & against parole.

At (EX#C 13-14), although petitioner is convicted for PC 187 (murder), he is not identified as the actual killer, the co-defendant who received life in prison is the actual killer of offense. At (EX#C 18-21) the board list various prior convictions in which many of the offenses are juvenile civil adjudications and not criminal convictions starting from (1977) to (1981) such as; weapon possession, petty theft, robbery, possession of nunchukas, burglary, and battery. An adult conviction in (1983) list robbery and petty theft. The (BPT) also list 6-prison infractions called CDC#115 behavior re-ports citing Feb/2002 & June/1998 (failure to report to work), Oct/1993 (fi-ghting), Mar/1990 (disobeying direct order), Nov/1989 (mail violation).

The Psychologist Dr. Collins state that petitioner has a pschiatric disor-der such as depression, drug dependency, anti-social personality disorder, and mild mental retardation which explains petitioners low kindergarden and 1st-2nd grade test scores, see (EX#B) & (EX#C 58-59). The final Psych-Report determined that parole is possible but that petitioner needs a structured living situation and has a moderate possibility of reoffending within 7-years.

///

///

<u>GROUND#1 (CON'T)</u>:

The District Attorney at (<u>EX#C 66</u>) in 1-page or 30-second speech recommended for parole to be denied solely for the conviction of the murder itself claiming crime was callous and cold-blooded even though petitioner is not the actual gunman/killer in case. Petitioner and a co-defendant were involved in a robbery, petitioner pulled a knife on victim Ms. High but did not injure assault the victim, the co-defendant shot the victim Mr. Mendoza who died instantly. The Attorney representing petitioner Mr. Sullivan at (<u>EX#C 67-68</u>) in 1-page or 30-seconds applauds petitioner for admitting his culpability in the crime and commend him for his art work but never argues parole for the petitioner.

The (BPT) at (<u>EX#C 68-79</u>) denies parole for petitioner claiming that the crime was callous/cold-blooded and due to extensive juvenile criminal history and the few prison infractions he received he is not eligible for parole and will be seen in 4-years from (2004) to (2008). In the meantime the board requested for petitioner to get into a school/trade program for a certificate although the (BPT) is aware that petitioner is a (DPP) learning disability program and suffers from psych-disorders including mild retardation.

Petitioner argues that his academic/educational/vocational situation may never improve due to mental disorders and retardation, petitioner is in a mental health program for treatment and the (DPP) mental disability program. The federal courts in (<u>BIGGS COURT</u>) stated that the (BPT) can not deny parole solely for the fact of the crime due to the fact that the factual nature of the crime would never change and the (BPT) should be assessing has the penalty or punishment of the crime been served, and has the petitioner completing prison programs making him viable for parole and no longer a danger to society.

At (<u>EX#B</u>), petitioner submits evidentiary facts showing his mental status, and some educational achievements while in prison. Petitioner since his (2004) board hearing has been placed back into the janitorial program, and even

**GROUND#1 (CON'T):**

though petitioner may not be able to comprehend fully the text-book part of the course, petitioner is able to perform full job functions based on life-experience in the janitorial trade making him a full time worker in society for the job.

Petitioner accepts culpability in the offense, as noted he is not the actual killer/gunman although charged with the PC 187 (murder) offense under California's murder rule. Judicial notice is requested of the caselaws cited on pp.3 for relief in which all of the petitioners/defendants were the actual killers/gunman in thoses cases and the courts ordered them release via habeas corpus after the (BPT) denied their parole.

To the best of petitioners capabilities and abilites, petitioner meets the criteria or matrix for parole and does not pose a threat to societ for parole. In the alternative, due to petitioner mental disorder/mild retardation, it is requested for the petitioner to be discharged from (CDC) California Dept# of Corrections to the (DMH) Dept# of Mental Health for any further treatment to prepare him for ultimate discharge or release to the community to live his life as a productive citizen in the community. The (BPT) under the some evidence rule inproperly denied parole due to the crime itself, and petitioner is actually being punished for his disabilities in which the disorder may never be curred such as the board request to complete a trade/school before any parole can be conssdered. Removal from the (CDC) system under criminal commitment to the (DMH) system for a civil commitment may be in the best interest of all parties and a viable solution for petitioners & society well being.

///

///

///

///



7. Ground 2 or Ground _____ *(if applicable)*:

DUE PROCESS VIOLATION OF PETITIONER RECEIVING THE UPPER-TERM ENHANCEMENT VIA A JUDGE'S DECREE ABSENT THE JURY MAKING THE DETERMINATION OF THE ALLEGED AGGRAVATING FACTORS JUSTIFYING AN UPPER-TERM. PETITIONER RECEIVED A SENTENCE SUPERCEDING THE STATUTORY MAXIMUM... U.S. Const., Amendment 6 & 14 and Calif. Const., Art 1, Sec 15

a. Supporting facts:

In (1987), petitioner suffered a conviction for PC 137 (murder); PC 211 (robbery); and PC 12022 (gun enhancement) for a total term of 31-years to life with 25-years for the murder; 5-years for the robbery and 1-year for the gun enhancement.

It is contended that petitioner received an illegal 5-year enhancement when the Judge instead of the Jury imposed the upper-term sentence of 5-years superceding the statutory maximum term by adjudicating the aggravating factors.

Petitioner has the constitutional right to have the Jury to determine the facts of the case beyond a reasonable doubt for any sentence above the statutory maximum for an enhancement. The due process clause was violated when the Judge made the determination and not the Jury; and a further violation occurred when the Judge used the standard of preponderance of the evidence instead of beyond the reasonable doubt standard for determination.

Petitioner move the court to vacate his judgement/sentence on the 5-year term for the PC 211 (robbery) offense and to remand the case for resentencing and/or in the alternative to issue an Amended Abstract of Judgement with a reduced sentence. The court is further moved for appointment of counsel for any hearing established after an Order to Show Cause issues. Petitioner also move the Court to issue a reduced sentence due to the fact that jeopardy has not attached to case after the court discharged the Jury from the case in (1987). In the interest of justice and to prevent a miscarriage of justice, an ("Order") is requested to issue forthwidth in this matter.

b. Supporting cases, rules, or other authority:

Cunningham v. California, DJ/D.A.R. 1003, 1005-1011 (U.S., Jan 22, 2007)

U.S. v. Booker, 543 US 220, 232-244 (2005)

Blakely v. Washington, 542 US 296, 298-305 (2004)

Ring v. Arizona, 536 US 584, 602-609 (2002)

Apprendi v. New Jersey, 530 US 466, 468-471 (2000)

<u>GROUND#3</u>  A 2ND DUE PROCESS VIOLATION OF THE (PAROLE BOARD) NOT GRANTING
PETITIONER A PAROLE DATE AFTER MEETING THE CRITERIA OF THE
MATRIX FOR PAROLE AND DUE TO THE BOARD DENYING PAROLE UNDER
THE SOME EVIDENCE RULE GRANTING OR DENYING PAROLE....(2009-HEARING)
<u>U.S. Const.</u>, Amendment 14 & <u>Calif. Const.</u>, Art 1, Sec 15

<u>a. Supporting Facts:</u>

Petitioner in <u>Claim#1</u> alleged that the Parole Board in (2004) erroneously
and illegally denied his parole. A state habeas corpus was filed and all (3)
levels (i.e. Superior, Appeal & Supreme Court) issued a post-card denial for
habeas relief. See (<u>EX#A</u>).

Basically, all of the facts and law is still the same when the Parole Board
denied release with the sole reason being again the claim due to the nature of
the crime the parole will be denied again. In (2004) the board denied relief
for 4-years until (2008) but the board waited an additional 1-year making it
a (2009) board hearing. See (<u>EX#C</u>).

When petitioner appeared at the (2009) parole board hearing, petitioner was
denied for 5-years and objected that the current Marsy Law (Prop#9) enacted
by the Voters last year in (2008) was not retroactive to petitioner due to
ex post facto violations as objected to on the record by parole counsel, see
(<u>EX#D</u>).

As noted in <u>Claim#1</u>, petitioner received a 31-year to life term for a vio-
lation of <u>Penal Code 187</u> (murder). Todate, petitioner have served 23-years
and contend that he has successfully completed the parole matrix for discharge
on parole. Petitioner move the court to defer to pp.3(a)-3(c) which is a sum-
may along with (<u>EX#C</u>) series how the parole board denied the 1st hearing (2004)
which parallels the <u>Claim#3</u> and (<u>EX#D</u>) 5-years later in (2009).

The (<u>EX#B</u>) series shows petitioners level of educational/vocational back-
ground and level of understanding. Most of petitioners academic skills are
below 3rd grade and this petitioner  is being assisted by other inmates in
submitting his legal works to the court. Counsel is requested in this matter
to assist the courts and petitioner presenting his case since petitioner is

unable to do so for himself. The (BPT) Parole Board set a 2-tier criteria for parole at (D# 1-54) claiming: (1) the board review the actual crime, prior convictions, social history, and parole plans, (2) the board review prison program, counselor & psychologist reports, and letters for and against parole.

At (EX#D 1-22), although petitioner is convicted for PC 187 (murder), he is not identified as the actual killer, the co-defendant who received life in ppison is the actual killer of offense. At (EX#D 22-32) the board list various prior convictions in which many of the offenses are javenile civil adjudications and not criminal convictions starting from (1977) to (1981) such as; weapon possession, petty theft, robbery, possession of nunchukas, burglary, and battery. An adult conviction in (1983) list robbery and petty theft. The (BPT) also list 6-prison infractions called CDC#115 behavior reports citing Feb/2002 & June/1998 (failure to report to work), Oct/1993 (fighting), Mar/1990 (disobeying direct order), Nov/1989 (Mail violation).

The Psychologist Dr. Collins state that petitioner has a psychiatric disorder such as depression, drug dependency, anti-social personality disorder, and mile mental retardation which explains petitioners low kindergarden and 1st-2nd grate test scores, see (EX#B) & (EX#C 58-59).The final Pysch-Report determined that parole is possible but that petitioner needs a structured living situation and has a moderate possibility of reoffending within 7-years.

The Board of Parole acknowledged that there is no current psychological evaluation conducted by the Psych-Staff and that it was no fault of the petitioner that a report relied on by Dr. Sargeant is an old evaluation report conducted in 2004 based on earlier reports and the (BBPT) or (BPH) Board of Prison Hearings although denying petitioner with a 5-year denial penalyzed the petitioner once again although no fault of defendant-petition for the Psych-Staff not having a current psych-report for parole evaluation (EX#D 74-80).

The District Attorney at (EX#D 66-73) in less than a 2-minute speech recommended for parole to be denied again solely for the conviction of the mur-

der itself claiming crime was callous and cold-blooded even though petitioner is not the actual gunman/killer in case. Petitioner and a co-defendant were involved in a robbery, petitioner pulled a knife on victim Ms. High but did not injure or assault the victim. The co-defendant shot the victim Mr. Mendoza who died instantly. The Attorney representing petitioner Mr. Stringer at (EX#D 66-72) applauds petitioner for admitting his culpability in the crime and commend him for his art work but nevers argues parole denial for petitioner and Counsel objected on record and challenged the constitutionality of the newly (2008) enacted Marsy Law (Prop#9) which allows the parole board to deny parole ranging from 5-15 years instead of the previous 1-5 years.

The (BPH) at (EX#D 74-81) denies parole for petitioner claiming that the crime was callous/cold-blooded and due to extensive juvenile criminal history and the few prison infractions he received he is not eligible for parole and will be seen in 5-years from (2009) to (2013). In the meantime, the board requested for petitioner to get into a chool/trade program for a certificate although the (BPH) is aware that petitioner is a (DPP) learning disability program and suffers from psych-disorders including mild retardation.

Petitioner argues that his academic/educational/vocational situation may never im rove due to mental disorders and retardation, petitioner is in a mental health program for treatment and the (DPP) mental disability program. The federal courts in (BIGGS COURT) stated that the (BPH) can not deny parole solely for the fact of the crime due to the fact that the factual nature of the crime would never change and the (BPH) should be assessing has the penalty or punishment of the crime been served, and has the petitioner completing prison programs making him viable for parole and no longer a danger to society.

At (EX#B), petitioner submits evidentiary facts showing his mental status, and some educational achievements while in prison, Petitioner since his (2004) board hearing and proceeding time thereafter prior to the (2009) board hearing

has completed the Janitorial Program and has received an Art Certificate from U.C.L.A. University as an artist. Although petitioner may not be able to comprehend fully the text book part of the course, petitioner is able to perform full job functions based on life experience in the Janitorial trade making him a full time worker in society for the job.

Petitioner accepts culpability in the offense, as noted he is not the actual killer/gunman although charged with the PC 187 (murder) offense under California's murder rule. Judicial notice is requested of the caselaws cited for relief in which all of the petitioners imprisoned for murder cases below are the actual killers/gunman in these cases and the courts ordered them release via habeas corpus after the (BPH) denied parole based on murder case.

Petitioner meets the the criteria for parole and has completed the prison-matrix for parole consideration of release. In the alternative, if the (BPH) feel or believe due to petitioners mild-retardation or mental disabilities as petitioner is part of the (ADA) Americans W/ Disability Act, then petitioner move for the courts to order the (CDCR) California Department of Correction & Rehabilitation to transfer petitioner to the (DMH) Department of Mental Health for futhher psychiatric treatment to prepare petitioner for ultimate discharge or release to the community to become a productive citizen, (EX#D 8).

Finally, petitioner challenges the constitutionality of the Marsy's Law passed as (Prop#9) in 2008 Voter-Initiative in that the law violates Ex Post Facto Laws being applied retroactively to petitioner under the old parole law whidh permits parole denial from (1-5 years) and the current law now allows denial of parole from (5-15 years). Petitioner move the court to decree that the law must be applied prospectively from 2008 and not to be applied retroactively to petitioner. Petitioners lawyer at Parole Board (Mr. Stringer) objected on parole record to Marsy's Law as being unconstitutional if applied retroactively, see (EX#D 14).

b. Supporting Laws:

(*) Parole Board Release Caselaws:

Greenholtz v. Inmates of Nebraska Penal, 442 US 1, 7-11 (1979)

Board of Pardon v. Allen, 482 US 369, 373 (1987)

McQullen v. Duncan, 306 F3d 895, 900-904 (9th Cir,2002)

Biggs v. Terhune, 334 F3d 910, 913-917 (9th Cir,2003)

Irons v. Curey, 388 FSupp 2d 936, 938-944 (E.D.Cal,2005)

Rosenkrantz v. Marshall, 444 FSupp 2d 1063, 1080 (C.D.Cal,2006)

Sanchez v. Kane, 444 FSupp 2d 1049, 1062 (C.D.Cal,2006)

In re Danneberg, 34 Cal 4th 1061, 1063-1070 (Cal,2005)

In re Rosenkrantz, 29 Cal 4th 616, 621 (Cal,2002)

In re Lawrence, 150 Cal App 4th 1511, 1554-1556 (2005)

In re Scott, 133 Cal App 4th 573, 595

U.S. Const., Amendment 14
Calif. Const., Art 1, Sec 15, 24


(*) Ex Post Facto Caselaws:
C.D.C. v. Morales, 514 US 499, 508-510 (1995)

Lynce v. Mathis, 519 US 433, 446-447 (1997)

Garner v. Jones, 529 US 244, 252 (2000)

Brown v. Palamateer, 379 F3d 358, 363-366 (9th Cir,2005)

Scott v. Baldwin, 225 F3d 1020, 1023 (9th Cir,2000)

Flemming v. Oregon Board of Parole, 998 F2d 721, 724-727 (9th Cir,1993)

Armstrong v. Davis, 275 F3d 849, 863-364 (9th Cir,2001)

U.S. Const., Art 1, Sec 9, Cl 3

Calif. Const., Art 1, Sec 9

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
N/A

b. Result ___ N/A ___     c. Date of decision: ___ N/A ___

d. Case number or citation of opinion, if known: ___ N/A ___

e. Issues raised: (1) ___ N/A ___

(2) ___ N/A ___

(3) ___ N/A ___

f. Were you represented by counsel on appeal? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

___ N/A ___

9. Did you seek review in the California Supreme Court? ☐ Yes ☒ No. If yes, give the following information:

a. Result ___ N/A ___     b. Date of decision: ___ N/A ___

c. Case number or citation of opinion, if known: ___ N/A ___

d. Issues raised: (1) ___ N/A ___

(2) ___ N/A ___

(3) ___ N/A ___

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
N/A

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
N/A

b. Did you seek the highest level of administrative review available? ☐ Yes. ☒ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes    If yes, continue with number 13.    ☐ No    If no, skip to number 15.

13. a. (1) Name of court:   L.A. County Superior Court

   (2) Nature of proceeding (for example, "habeas corpus petition"):   Habeas Corpus (SEE EX#Attachment)

   (3) Issues raised: (a)   Due Process/Parole Board

      (b)   Ex Post Facto/Parole Board

   (4) Result (attach order or explain why unavailable):   denied (See Ex# Attachment)

   (5) Date of decision:   11/9/2009

   b. (1) Name of court:  _____

   (2) Nature of proceeding:  _____

   (3) Issues raised: (a)  _____

      (b)  _____

   (4) Result (attach order or explain why unavailable):  _____

   (5) Date of decision:  _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result
   None

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   None

16. Are you presently represented by counsel?   ☐ Yes   ☒ No    If yes, state the attorney's name and address, if known:
   None

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes   ☒ No    If yes, explain:
   None

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   Jurisdiction is proper under constitutional & statutory law.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:   11/21/2009    ▶ EUGENE KINCAIDE (x)
                                    (SIGNATURE OF PETITIONER)

<u>RELIEF & REMEDY</u>:

(<u>1</u>) Appoint Counsel in the interest of justice to litigate the writ...

(<u>2</u>) Remand case for an Evidentiary-Hearing in trial court to produce further factual evidence for resolution of case...

(<u>3</u>) Reverse Parole Board decision and for not meeting the standard of some evidence rule in denying parole and discharge petitioner on parole...

(<u>4</u>) Discharge petitioner from (CDC) Calif. Dept. of Corrections from his criminal-commitment and relesee petitioner to the (DMH) Department of Mental Health for a civil-commitment for any further viable treatment the court deems fit to make petitioner suitable for release in the community...

(<u>5</u>) Under the new fuling in the (CALIFORNIA/CUNNINGHAM COURT), petitioner received an illegal upper/high-term enhancement by the Judge and not Jury and the case or ehhancement was adjudicated under the preponderance of evidence rule instead of the beyond the reasonable doubt standard. The court is moved to strike the upper-high term enhancement and modify judgement to the statutory maximum term...

///

///

///

| | |
|---|---|
| Case Name: | IN RE KINCAIDE |
| Case Number: | NEW CASE |
| Court: | CALIFORNIA APPEALS COURT |

# PROOF OF SERVICE BY MAIL

I, __Eugene Kincaide__ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on __11/21/2009__ I served the attached: a true copy of the attached:

PETITION FOR WRIT OF HABEAS CORPUS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Clerk of the Court

California Appeals Court

300 S. Spring Street

Los Angeles, CA 90013

Office of Attorney General

State of California

300 S. Spring Street

Los Angeles, CA 90013

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on __11/21/2009__ at the California Medical Facility, Vacaville, California.

__EUGENE KINCAIDE__
Declarant

_Eugene Kincaide_
Declarant's Signature

Eugene Kincaide (D#64290)

Calif.Med.Fac. (I-213-L)

POB 2000

Vacaville, CA 95696-2000

B220565

ORIGINAL

NOV 2009

STATE APPEAL COURT

FOR THE (2ND DISTRICT)

|  |  |  |
|---|---|---|
| | ) | # |
| IN RE EUGENE KINCAIDE | ) | NOTICE OF MOTION |
| Petitioner | ) | *PETITIONER MOVE COURT FOR AN ORDER TO SHOW CAUSE |
| -v- | ) | |
| ON HABEAS CORPUS | ) | *PETITIONER MOVE COURT FOR APPOINTMENT OF COUNSEL |
| Respondent | ) | |
| | ) | |

TO THE HONORABLE JUDGE OR JUSTICE OF THE COURT FOR THE

STATE OF CALIFORNIA:

----------oOo----------

Petitioner move the court to take "judicial notice" pursuant to Calif. Evidence Code 450-459; Alvarado v. Superior Court, 23 Cal 4th 1121, 1151 (Cal,2000) and Fed.R.Evid. 201; Florida v. Riley, 488 US 445, 465 (1989) of the accompanying Petition for Writ of Habeas Corpus filed under the authority Calif. Const., Art 6, Sec 10; Penal Code 1473-1505; and People v. Gonzales, 51 Cal 3d 1179, 1260 (Cal,1990) in that

PAGE: 1

petitioner has established the "factual" & "legal" predicates within his habeas action to issue an (ORDER TO SHOW CAUSE) as pronounced in People v. Romero, 8 Cal 4th 728, 739 (Cal,1994) quoting In re Sixto, 48 Cal 3d 1247, 1251-1252 (Cal,1989).

Furthermore, petitioner is filing a "successive petition" to correct a fundamental miscarriage of justice because he is convicted under an "invalid statute" which is unconstitutional and the court has the authority & power to hear said petition due to the petition not being barred by time limits or successive actions when the petitioner is challenging an invalid statute which is the case here, see; In re Robbins, 18 Cal 4th 770, 780-781 (Cal,1998) citing In re Clark, 5 Cal 4th 750, 797-798 (Cal,1993) and quoting Coleman v. Thompson, 501 US 722, 749-750 (1991).

In the interest of justice, petitioner in addendum ask this Noble Court to (APPOINT COUNSEL) due to the complexity of the issues being raised challenging the constitutionality of the 3-Strikes Law Penal Code(s) 667(b)-(i) & 1170.12(a)- (d) in which a favorable ruling could effect thousands of cases, see; People v. Barton, 21 Cal 3d 513, 519 n.3 (Cal, 1978) and People v. Rodriguez, 17 Cal 4th 253, 257-260 (Cal,1998).

///
///
///
///
///

## CONCLUSION

Petitioner move this Humble Court to forthwidth issue an ("ORDER TO SHOW CAUSE") and to ("APPOINT COUNSEL") in the interest of justice to facilitate and expedite case. A miscarriage of justice is being alleged, petitioner prays that the Court grant the relief and remedies cited herein.

///

///

///

///

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF CALIFORNIA THAT THE FOREGOING IS TRUE. THIS MOTION WAS EXECUTED ON __11 / 21 / 2009__ AT __VACAVILLE__ , CALIFORNIA.

(x) _Eugene Kincaide_
EUGENE KINCAIDE

| | |
|---|---|
| Case Name: | IN RE KINCAIDE |
| Case Number: | NEW CASE |
| Court: | CALIFORNIA APPEALS COURT |

# PROOF OF SERVICE BY MAIL

I, _____Eugene Kincaide_____ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _____11/21/2009_____ I served the attached: a true copy of the attached:

MOTION FOR APPOINTMENT OF COUNSEL & ORDER TO SHOW CAUSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Clerk of the Court
California Appeals Court
300 S. Spring Street
Los Angeles, CA 90013

Office of Attorney General
State of California
300 S. Spring Street
Los Angeles, CA 90013

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on _____11/21/2009_____ at the California Medical Facility, Vacaville, California.

_____EUGENE KINCAIDE_____
**Declarant**

_____Eugene Kincaide_____
**Declarant's Signature**

# EXHIBIT 13

# EXHIBIT 13

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

### DIVISION TWO

In re

    EUGENE KINKAIDE,

on

Habeas Corpus.

B220565

(Los Angeles County
Super. Ct. No. BH006336)

**ORDER**

THE COURT:

The court has read and considered the petition for writ of habeas corpus, filed November 30. 2009. The petition is denied.

COURT OF APPEAL - SECOND DIST.

**F I L E D**

DEC 0 9 2009

JOSEPH A. LANE      Clerk

L. GUZMAN      Deputy Clerk

_____
DOI TODD, Acting P. J.      ASHMANN-GERST, J.      CHAVEZ, J.