1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EUGENE KINCAIDE,

11              Petitioner,                    No. 2:10-cv-2068 KJM DAD P

12        vs.

13    KATHLEEN DICKINSON, Warden,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of

18    the California Board of Parole Hearings (hereinafter "Board") to deny him parole at two parole

19    consideration hearings held on April 22, 2004, and April 16, 2009.  Petitioner also claims that the

20    sentence imposed with respect to his underlying conviction violates his Sixth Amendment right

21    to a jury trial.  The matter has been fully briefed by the parties and is submitted for decision.

22    Upon careful consideration of the record and the applicable law, the undersigned will

23    recommend that petitioner's application for habeas corpus relief be denied.

24    I.  Procedural Background

25              Petitioner is confined pursuant to a 1987 judgment of conviction entered against

26    him in the Los Angeles County Superior Court following his conviction for first degree murder

1

1    and robbery, with a sentence enhancement for use of a gun.  (Doc. 1 at 1, 4.)  Pursuant to that

2    judgment of conviction, petitioner was sentenced to thirty-one years to life in state prison.  (Id.)

3             The first parole consideration hearing that is placed at issue by the instant federal

4    habeas petition was held on April 22, 2004.  (Id. at 27.)  Petitioner appeared at and participated in

5    that hearing.  (Id. at 29, et seq.)  Following deliberations held at the conclusion of the hearing, the

6    Board panel announced their decision to deny petitioner parole for four years as well as the

7    reasons for that decision.  (Id. at 94-103.)

8             The second parole consideration hearing that is placed at issue by the federal

9    habeas petition pending before this court was held on April 16, 2009.  (Id. at 106.)  Petitioner

10   appeared at and participated in that hearing as well.  (Id. at 109, et seq.)  Following deliberations

11   held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner

12   parole for five years as well as the reasons for that decision.  (Id. at 177-83.)

13            On January 18, 2007, petitioner raised a due process challenge to the Board's

14   2004 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for

15   the Second Appellate District.  (Answer, Ex. 3.)  On February 27, 2007, that petition was

16   summarily denied.  (Answer, Exs. 4, 5.)

17            Petitioner subsequently raised a due process challenge to the Board's 2004 parole

18   suitability decision and a Sixth Amendment challenge to the sentence imposed on his underlying

19   conviction in a petition for writ of habeas corpus filed in the Los Angeles County Superior Court.

20   (Answer, Ex. 1.)[1]  As respondent points out, although that petition was date-stamped September

21   21, 2006 by the Superior Court, it was apparently filed on or about March 2, 2007 because

22   petitioner signed and dated the petition on "3/2/2007" and therein he cited the decision in

23   Cunningham v. California, 549 U.S. 270 (2007) in support of his Sixth Amendment challenge to

24   his sentence.  (Id. at 00009, 00011.)  The Los Angeles County Superior Court denied petitioner's

25   _____

26       [1]  Although petitioner addressed this petition to the Solano County Superior Court, he
      actually filed it in the Los Angeles County Superior Court.  (Id.)

                                         2

1   due process challenge to the 2004 parole suitability hearing by order dated August 20, 2007,

2   finding that "some evidence" supported the Board's 2004 denial of parole.  (Answer, Ex. 2.)  The

3   court did not address petitioner's Sixth Amendment challenge to his sentence.  (Id.)

4         On March 28, 2007, petitioner filed a petition for writ of habeas corpus in the

5   California Supreme Court, in which he again raised a due process challenge to the Board's 2004

6   decision to deny him parole and a Sixth Amendment challenge to his underlying sentence.

7   (Answer, Ex. 6.)  That petition was summarily denied by order dated August 29, 2007.  (Answer,

8   Ex. 7.)

9         On October 18, 2007, petitioner filed a federal petition for writ of habeas corpus

10   in the United States District Court for the Central District of California, claiming that the Board's

11   2004 parole suitability decision violated his right to due process and that the sentence imposed by

12   the trial court in his case violated his Sixth Amendment right to trial by jury.  Kincaide v.

13   Hubbard, case No. 2:07-cv-6781 JSL AGR.  (Answer, Ex. 8.)  That federal habeas petition was

14   subsequently transferred to this court where it was designated as Case No. 2:07-cv-2410 WBS

15   KJM.  (Answer, Exs. 8, 9.)  After the respondent filed a motion to dismiss, petitioner voluntarily

16   dismissed his petition in Case No. 2:07-cv-2410 WBS KJM.  (Answer, Ex. 9.)

17         On September 4, 2009, petitioner filed another petition for writ of habeas corpus

18   in the Los Angeles County Superior Court, in which he challenged both the 2004 and 2009 Board

19   decisions finding him unsuitable for parole.  (Answer, Ex. 10.)  Petitioner also again claimed that

20   his state court imposed sentence violated his Sixth Amendment right to jury trial.  (Id.)  He also

21   included a claim that the Board's 2009 deferral of his next suitability hearing for five years

22   violated his rights under the Ex Post Facto Clause.  (Id.)  On November 6, 2009, the Los Angeles

23   County Superior Court denied that petition in a reasoned decision addressing all of petitioner's

24   claims on the merits.  (Answer, Ex. 11.)  Petitioner subsequently filed a habeas petition in the

25   California Court of Appeal for the Second Appellate District, raising the same claims.  (Answer,

26   Ex. 12.)  That petition was summarily denied.  (Answer, Ex. 13.)  Next, petitioner filed a petition

1 for writ of habeas corpus in the California Supreme Court.  (Answer, Ex. 14.)  That petition was

2 also summarily denied.  (Answer, Ex. 15.)

3        On August 4, 2010, petitioner commenced the instant action by filing a petition

4 for writ of habeas corpus in this court.  Petitioner filed an amended petition on September 9,

5 2010.  This action proceeds on the amended petition.

6 II.  <u>Standards of Review Applicable to Habeas Corpus Claims</u>

7        An application for a writ of habeas corpus by a person in custody under a

8 judgment of a state court can be granted only for violations of the Constitution or laws of the

9 United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

10 interpretation or application of state law.  <u>See</u> <u>Wilson v. Corcoran</u>, 562 U.S.___, ___, 131 S. Ct.

11 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146,

12 1149 (9th Cir. 2000).

13        Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

14 habeas corpus relief:

15        An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
16 not be granted with respect to any claim that was adjudicated on
the merits in State court proceedings unless the adjudication of the
17 claim -

18        (1) resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as
19 determined by the Supreme Court of the United States; or

20        (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
21 State court proceeding.

22 For purposes of applying § 2254(d)(1), "clearly established federal law" consists

23 of holdings of the United States Supreme Court at the time of the state court decision.  <u>Stanley v.</u>

24 <u>Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06

25 (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

26 /////

4

1  clearly established and whether a state court applied that law unreasonably." <u>Stanley</u>, 633 F.3d at

2  859 (quoting <u>Maxwell v. Roe</u>, 606 F.3d 561, 567 (9th Cir. 2010)).

3           A state court decision is "contrary to" clearly established federal law if it applies a

4  rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

5  Court precedent on "materially indistinguishable" facts.  <u>Price v. Vincent</u>, 538 U.S. 634, 640

6  (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

7  grant the writ if the state court identifies the correct governing legal principle from the Supreme

8  Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2]

9  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003); <u>Williams</u>, 529 U.S. at 413; <u>Chia v. Cambra</u>, 360

10 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

11 simply because that court concludes in its independent judgment that the relevant state-court

12 decision applied clearly established federal law erroneously or incorrectly.  Rather, that

13 application must also be unreasonable."  <u>Williams</u>, 529 U.S. at 412.  <u>See also</u> <u>Schriro v.</u>

14 <u>Landrigan</u>, 550 U.S. 465, 473 (2007); <u>Lockyer</u>, 538 U.S. at 75 (it is "not enough that a federal

15 habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

16 the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

17 precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

18 the state court's decision." <u>Harrington v. Richter</u>, 562 U.S.___,___,131 S. Ct. 770, 786 (2011)

19 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

20 obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

21 ruling on the claim being presented in federal court was so lacking in justification that there was

22 an error well understood and comprehended in existing law beyond any possibility for fairminded

23 disagreement." <u>Harrington</u>,131 S. Ct. at 786-87.

24

25       [2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
   overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26 presented in the state court proceeding." <u>Stanley v. Cullen</u>, 633 F.3d 852, 859 (9th Cir. 2011)
   (quoting <u>Davis v. Woodford</u>, 384 F.3d 628, 638 (9th Cir. 2004)).

1      If the state court's decision does not meet the criteria set forth in § 2254(d), a

2   reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v.

3   Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

4   Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

5   of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

6   considering de novo the constitutional issues raised.").

7      The court looks to the last reasoned state court decision as the basis for the state

8   court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

9   2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

10  from a previous state court decision, this court may consider both decisions to ascertain the

11  reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

12  banc).  "When a federal claim has been presented to a state court and the state court has denied

13  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

14  of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at

15  784-85.  This presumption may be overcome by a showing "there is reason to think some other

16  explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker,

17  501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

18  no reasoning to support its conclusion, a federal habeas court independently reviews the record to

19  determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860;

20  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is

21  not de novo review of the constitutional issue, but rather, the only method by which we can

22  determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at

23  853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

24  "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct.

25  at 784.

26  /////

6

1    When it is clear, however, that a state court has not reached the merits of a

2    petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

3    federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v.

4    Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

5    2003).

6    III.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

7    The Due Process Clause of the Fourteenth Amendment prohibits state action that

8    deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

9    due process violation must first demonstrate that he was deprived of a liberty or property interest

10   protected by the Due Process Clause and then show that the procedures attendant upon the

11   deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

12   490 U.S. 454, 459-60 (1989).

13   A protected liberty interest may arise from either the Due Process Clause of the

14   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

15   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

16   221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

17   Constitution does not, of its own force, create a protected liberty interest in a parole date, even

18   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

19   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

20   person to be conditionally released before the expiration of a valid sentence.").  However, a

21   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

22   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

23   constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

24   California's parole scheme gives rise to a liberty interest in parole protected by the

25   federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

26   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

7

1  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

2  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

3  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

4  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

5  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

6  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

7          In Swarthout, the Supreme Court reviewed two cases in which California

8  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

9  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

10  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

11  requires fair procedures, "and federal courts will review the application of those constitutionally

12  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

13  procedures required are minimal" and that the "Constitution does not require more" than "an

14  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

15  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

16  decisions that went beyond these minimal procedural requirements and "reviewed the state

17  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

18  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

19  the application of the "some evidence" standard to parole decisions by the California courts as a

20  component of the federal due process standard.  Id. at 862-63.  See also Pearson, 639 F.3d at

21  1191.[3]

22

23          [3] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four

24  years the Ninth Circuit had consistently held that in order to comport with due process a state
parole board's decision to deny parole had to be supported by "some evidence," as defined in

25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d

26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1  IV.  Petitioner's Claims

2       A.  Due Process

3              As set forth above, petitioner seeks federal habeas relief on the grounds that the

4  Board's 2004 and 2009 decisions to deny him parole, and the findings upon which those denials

5  were based, were not supported by "some evidence" as required under California law.  (Doc. 11

6  at 4-5; Doc. 18 at 7-9.)[4]  However, under the Supreme Court's decision in Swarthout this court

7  may not review whether California's "some evidence" standard was correctly applied in

8  petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison

9  Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.]

10  Cooke that in the context of parole eligibility decisions the due process right is procedural, and

11  entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole

12  board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (under the

13  decision in Swarthout, California's parole scheme creates no substantive due process rights and

14  any procedural due process requirement is met as long as the state provides an inmate seeking

15  parole with an opportunity to be heard and a statement of the reasons why parole was denied);

16  Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the

17  Due Process Clause for denial parole under the California system, it made clear that the Clause's

18  requirements were satisfied where the inmates 'were allowed to speak at their parole hearings

19  and to contest the evidence against them, were afforded access to their records in advance, and

20  were notified as to the reasons why parole was denied.'")

21              The federal habeas petition pending before the court in this case reflects that

22  petitioner was represented by counsel at both his 2004 and 2009 parole suitability hearings.

23  (Doc. 1 at 29, 109.)  As set forth above, the record also establishes that at both of those hearings

24

25         _____

26              [4]  Respondent argues that petitioner's challenge to his 2004 parole suitability hearing is
untimely.  (Answer at 4.)  Assuming arguendo that the claim is timely, it nonetheless fails on the
merits, for the reasons that follow.

1   petitioner was given the opportunity to be heard and received a statement of the reasons why

2   parole was denied by the Board panel.  That is all the process that was due petitioner under the

3   Constitution.  Swarthout, 131 S. Ct. at 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at

4   1045-46; Pearson, 639 F.3d at 1191.  It now plainly appears that petitioner is not entitled to relief

5   with respect to his due process claims.  Accordingly, the pending petition should be denied with

6   respect to those claims.

7          B.  Sixth Amendment

8          Citing the decision in Cunningham v. California, 549 U.S. 270 (2007), petitioner

9   claims that his Sixth Amendment rights were violated when the trial judge imposed an "upper

10  term" sentence on his underlying robbery conviction based on factors not proved to a jury beyond

11  a reasonable doubt.  (Doc. 11 at 4; Doc. 18 at 5-6.)  The last reasoned decision addressing

12  petitioner's Sixth Amendment claim is the November 6, 2009 decision of the Los Angeles

13  County Superior Court on petitioner's application for a writ of habeas corpus.  (Answer, Ex. 11.)

14  That court denied relief with respect to the claim on the grounds that the Cunningham decision

15  was not retroactive to "sentences imposed twenty years before it was decided."  (Id. at 4.)

16         A criminal defendant is entitled to a trial by jury and to have every element

17  necessary to sustain his conviction proven by the state beyond a reasonable doubt.  U. S. Const.

18  Amends. V, VI, XIV.  In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the United States

19  Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact

20  other than a prior conviction that "increases the penalty for a crime beyond the prescribed

21  statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt."  In

22  Blakely v. Washington, 542 U.S. 296, 303-04 (2004), the Supreme Court decided that a

23  defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any

24  fact that increases the statutory maximum sentence, unless the fact was admitted by the defendant

25  or was based on a prior conviction.  In United States v. Booker, 543 U.S. 220 (2005), the United

26  States Supreme Court applied Blakely to the Federal Sentencing Guidelines.  The court clarified

1  that "'the statutory maximum' for Apprendi purposes is the maximum sentence a judge may

2  impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

3  Id. at 232.  In Cunningham v. California, 549 U.S. 270 (2007), the Supreme Court held that

4  California's Determinate Sentencing Law (DSL) violated a defendant's right to a jury trial to the

5  extent it permits a trial court to impose an upper term based on facts found by the court rather

6  than by a jury.  The court also determined that the middle term under the DSL is the maximum

7  term that may be imposed on the basis of the jury's verdict alone.  Id. at 288.

8           Respondent argues, among other things, that petitioner's Sixth Amendment claim

9  is untimely and should be rejected on that basis.  (Answer at 4.)  This court agrees.

10           Because this action was filed after April 26, 1996, the provisions of the

11  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v.

12  Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The

13  AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title

14  28 U.S.C. § 2244 provides as follows:

15           (d) (1)  A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
16          judgment of a State court.  The limitation period shall run from the
            latest of –
17
            (A)  the date on which the judgment became final by the
18          conclusion of direct review or the expiration of the time for
            seeking such review;
19
            (B)  the date on which the impediment to filing an
20          application created by State action in violation of the Constitution
            or laws of the United States is removed, if the applicant was
21          prevented from filing by such State action;

22          (C)  the date on which the constitutional right asserted was
            initially recognized by the Supreme Court, if the right has been
23          newly recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or
24
            (D)  the date on which the factual predicate of the claim or
25          claims presented could have been discovered through the exercise
            of due diligence.

26  /////

11

1
2
3

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4   28 U.S.C. § 2244(d).  A petition is "'properly filed' when its delivery and acceptance are in

5   compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4,

6   8 (2000).

7       As set forth above, petitioner was convicted of first degree murder and robbery in

8   1987.  His conviction became final on April 4, 1990, forty days after the California Court of

9   Appeal affirmed the judgment of conviction, which marked the expiration of the time for filing a

10  petition for review in the California Supreme Court.  See California Rules of Court 8.264, 8.500.

11  Petitioner did not file any state court challenges to his 1990 judgment of conviction until January

12  18, 2007, more than seventeen years after his conviction became final.  Absent statutory or

13  equitable tolling, his Sixth Amendment claim is therefore barred as untimely.

14      Petitioner did file a petition for writ of habeas corpus in the Los Angeles County

15  Superior Court raising his Sixth Amendment claim on March 2, 2007, approximately six weeks

16  after the Cunningham decision was issued.  Petitioner also raised his Sixth Amendment claim in

17  a petition for writ of habeas corpus filed in the California Supreme Court on March 28, 2007.

18  Under 28 U.S.C. § 2244(d)(1)(C), the statute of limitations begins running from the date upon

19  which the Supreme Court recognizes a new constitutional right, which has been made

20  retroactively applicable to cases on collateral review.  Petitioner may be arguing that the

21  Cunningham decision operates to restart the commencement of the AEDPA limitations period

22  under § 2244(d)(1)(C) to January 22, 2007, the date Cunningham was issued.  However, any

23  such argument is unavailing.

24       In order to reset the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C),

25  petitioner must demonstrate both that the decision in Cunningham was retroactive and that it

26  constituted a "newly recognized" constitutional right.  Id.  In Butler v. Curry, 528 F.3d 624,

1   634-35 (9th Cir. 2008), the Ninth Circuit held that Cunningham did not announce a new rule of

2   constitutional law because Cunningham was "clearly dictated" by the prior decisions of the

3   United States Supreme Court in Apprendi, Blakely, and Booker.  Butler, 528 F.3d at 639.

4   Because petitioner cannot demonstrate that Cunningham constituted a "newly recognized"

5   constitutional right, the Cunningham decision does not operate to reset the limitations period in

6   this case pursuant to 42 U.S.C. § 2244(d)(1)(C).  See Hardy v. Martel, No. CV 11-3304-RGK

7   (AGR), 2011 WL 2649948, *3 (C.D. Cal. June 10, 2011) (Cunningham decision did not create

8   new statute of limitations trigger date); Garcia v. Martel, No. 2:08-cv-3099 GEB KJN P, 2010

9   WL 703053, *4 (E.D. Cal. Feb. 25, 2010) (same); Thompson v. Almager No. CV 08-04290-SJO

10  (AGR), 2009 WL 838156, *3 (C.D. Cal. Mar. 26, 2009), reversed on other grounds by

11  Thompson v. Lea, 681 F.3d 1093 (9th Cir. 2012) (same); Covert v. Yates, No. CIV S-09-2029

12  GGH P, 2009 WL 4031120, *2 (E.D. Cal. Nov. 18, 2009) (same).[5]

13          Even assuming arguendo that the AEDPA statute of limitations for petitioner to

14  seek federal habeas relief on this claim began to run on January 22, 2007, the date of the

15  Cunningham decision, petitioner's Sixth Amendment claim is still untimely.  Petitioner received

16  his last ruling from the state courts on his Sixth Amendment claim on August 29, 2007.  He had

17  approximately one year from that date within which to file his federal petition for a writ of

18  habeas corpus.  Although petitioner filed a federal petition on October 18, 2007, he voluntarily

19

20          [5]  Moreover, the decisions in Apprendi, Blakely and Booker do not operate to toll the
    AEDPA statute of limitations pursuant to § 2244(d)(1)(C).  In separate opinions, the Ninth
21  Circuit has held that those decisions are not retroactive.  See Cooper-Smith v. Palmateer, 397
    F.3d 1236, 1246 (9th Cir. 2005) (Apprendi not retroactive); Schardt v. Payne, 414 F.3d 1025,
22  1036 (9th Cir. 2005) (Blakely not retroactive); United States v. Cruz, 423 F.3d 1119, 1121 (9th
    Cir. 2005) (Booker not retroactive).  The court in Butler did hold that Cunningham could be
23  applied retroactively in that case because the petitioner's conviction had become final in the
    interval between the decisions in Blakely and Cunningham.  Id. (applying Teague v. Lane, 489
24  U.S. 288 (1989)).  See also Chioino v. Kernan, 581 F.3d 1182, 1184 n.1 (9th Cir. 2009) ("We
    have since held that where a federal habeas petitioner's conviction became final between Blakely
25  and Cunningham, the rule in Cunningham should be retroactively applied under Teague v.
    Lane.")  Here, however, petitioner's conviction became final prior to the decision in
26  Cunningham.

1   dismissed that petition.  Further, the filing of that federal petition did not toll the statute of

2   limitations.  Duncan v. Walker, 533 U.S. 167 (2001).  Petitioner's next collateral challenge to his

3   sentence was not initiated until September 4, 2009, when he filed a habeas petition in the Los

4   Angeles County Superior Court.  At that point, the statute of limitations for seeking federal

5   habeas with respect to this claim had already expired.  State habeas corpus petitions filed after

6   expiration of the one-year period neither restart the statute of limitations nor have any tolling

7   effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d

8   478, 482 (9th Cir. 2001).

9            Petitioner is not entitled to statutory tolling of the AEDPA statute of limitations

10  and there is nothing in the record before this court to suggest that extraordinary circumstances

11  prevented him from petitioning for federal habeas relief before the limitations period had

12  elapsed.  Cf. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling allowed

13  where, despite request by petitioner, prison authorities failed to mail filing fee to court).

14  Accordingly, petitioner's Sixth Amendment claim challenging his 1990 judgment of conviction

15  and sentence is time-barred.

16  V.  Conclusion

17           For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

18  application for a writ of habeas corpus be denied.

19           These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24  shall be served and filed within fourteen days after service of the objections.  Failure to file

25  objections within the specified time may waive the right to appeal the District Court's order.

26  /////

1   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

2   1991).

3          In any objections he elects to file, petitioner may address whether a certificate of

4   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

5   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

6   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

7   Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

8   appealability to review the denial of a habeas petition challenging an administrative decision

9   such as the denial of parole by the parole board).

10  DATED: October 19, 2012.

11

12  _____

13  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

14  DAD:8:
    kincaide2068.hc

15

16

17

18

19

20

21

22

23

24

25

26

15