Eugene Kincaide

D#64290 (Unit: I2 Housing)

California Medical Facility

POB 2000

Vadaville, CA 95696-2000

IN PRO PER:

ORIGINAL

FILED

NOV 05 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

U.S. DISTRICT COURT

(EASTERN) CALIFORNIA

EUGENE KINCAIDE          )

                         )

        Petitioner       )

                         )

    -v-                  )

                         )

KATHLEEN DICKINSON       )

                         )

        Respondent       )

                         )

                         )

                         )

#CV-S-10-2068-KJM (DAD)

OBJECTIONS TO THE MAGISTRATE JUDGE
REPORT & RECOMMENDATION

## (I) OBJECTIONS TO (R&R):

Pursuant to Fed.R.Civ.Proc. 72 and 28 USC 636; Petitioner timely filed the Objections to the Magistrate Judges Report and Recommendation denying the habeas corpus relief per 28 USC 2254.

Generally see, Martinez v. Ylst, 951 F2d 1153, 1155-1157 (9th Cir,1991), the parties must file Objections pleadings to the judge against the magistrate to seek the court either affirming, reversing or modifying the report and recommendation.

///
///
///

## (II) BACKGROUND:

Petitioner suffered a conviction for Penal Code 187 (murder) from the County of Los Angeles along with a co-defendant who was actually identified as the gunman committing the final act of shooting the victim during a robbery. Petitioner does not deny any complicity within the homicide act during the robbery but only notes his intention during the crime was solely to rob the victim for money under Penal Code 211 (robbery) and to use the weapons as a device for force and fear and that petitioner had no knowledge beyond the robbery offense that the co-defendant was going to shoot the victim.

Under Californias ("felony murder rule"), any co-defendants as a scene of the crime during a homicide is to be charged with the exact same offense as the actual gunman who commits the homicide, Penal Code 187, et seq.

Nonetheless, petitioner filed a 14th Amendment Due Process and 6th Amendment Jury trial on claim issues for habeas relief.

-1-

(III) THE CLAIMS:

GROUND#1 (DUE PROCESS)...

Petitioner acknowledges that the habeas corpus under 28 USC 2254 may only be granted per law when the decision is contrary to or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings, generally see Williams v. Taylor, 529 US 362, 405-406 (2000); Harrington v. Richter, 562 US ___, 131 SCt 770, 786 (2011) and Maxwell v. Roe, 606 F3d 561, 567 (9th Cir, 2010).

Petitioner is entitled under due process via liberty interest claims the right to parole release when the time has been served and the criteria has been met for parole, see Kentucky Dept. of Corrections v. Thompson, 490 US 454, 459-460 (1989) and the recent Pirtle v. California Board of Prison Terms, 611 F3d 1015, 1020 (9th Cir, 2010).

The (R&R) at pp.8 and fn.3 acknowledges 24-years of federal court parole board caselaw precedence regarding the some evidence standard for parole release citing Superintendent v. Hill, 472 US 445 (1985) via McQuillon v. Duncan, 306 F3d 895, 904 (9th Cir, 2002).

The (R&R) also cites the recent 2011 new Supreme Court predendent limiting any federal habeas corpus court under 28 USC 2254 to only 2-factors on federal constitutional claims such as; (1) right to attend the parole hearing; and (2) right to receive parole board findings to grant/deny parole, see Swarthout v. Cooke, 562 US ___, 131 SCt 859, 861-862 (2011).

Petitioner federal writ was filed in 2010 and move the court to not apply the (SWARTHOUT) decision retroactively to cases filed before supreme court ruling based on Teague v. Lane, 489 US 288, 295-300 (1989).

-2-

GROUND#2 (JURY DELIBERATION ON FACTS)...

Petitioner contends that on his (DSL) determinate sentencing term that he is entitled to the jury determining that the midterm is the maximum and and that the upper term constitutes an enhancement beyond a reasonable doubt in which this defendant did not receive, see Cunningham v. Calffornia, 549 US 270, 288 (2007) citing the infamous (APPRENDI; BLAKELY; BOOKER COURT) stating only the jury may decide facts beyond a reasonable doubt for the upper term of Californias law for enhanced sentenced and other thant this the middle term of Caifornia scheme is the maximum term and any prior decision where the judge determined the factual matter is illegal based on preponderance of evidence, Cunningham, supra, 549 US at 288.

The (R&R) cites at pp.13 that petitioner is barred under the 1-year rule in federal courts by not timely filing from the state court n 2007 when the (CUNNINGHAM COURT) decided the case.

However, the (R&R) although claiming that the current habeas corpus was filed in 2010 after the 2007 (CUNNINGHAM COURT), the court also acknowledged petitioners claim that his writ of habeas corpus 28 USC 2254 is timely due to the fact that in 2007 he filed a timely federal writ and this very court appointed a federal lawyer to represent petitioners (CUNNINGHAM) claim then filed timely. Petitioner was anable to represent himself in court and therefore the féderal court appointed petitioner a lawyer and the attorney over objections to petitioner dismissed the federal writ filed in 2007 challenging the (2004/parole board hearing) awaiting for the (2009/parole board hearing) to take place allegedly motting the (2004) claims. The current 2010 federal writ now challenged both the (2004 & 2009/parole hearings) but this time the court never appointed the same lawyer to represent him although the attorney claims he would prosecute this current 2010 federal writ when the court reappoints him.

-3-

Petitioner moves this court via ("nun pro tunc") to refile the currnet 2012 federal writ as the 2007 federal writ as timely filed on (CUNNINGHAM) per , Keating v. Hood, 191 F3d 1053, 1059-1061 (9th Cir,1999) citing the Thompson v. Calderon, 151 F3d 918, 920 (9th Cir,1998)(en banc).

## CONCLUSION

Petitioner move the court to adjudicate the (DUE PROCESS) on the merits as the supreme court case Swarthout, supra, 131 SCt at 861-862 as not being retroactive.

Also for the (JURY CLAM) as not being adjudicated on the merits by the court due to the (R&R) acknowledging the 2007 federal habeas is timely when court appointed counsel and then dismissed case on his own due to a future parole hearing. The court is asked under nunn pro tunc, Keating, supra, 191 F3d at 1059-1061 to relate back the 2010 current habeas corpus to the 2007 habeas corpus as timely for adjudication on the merits.

///

///

///

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE USA THE FOREGOING IS TRUE. THIS ACTION WAS EXECUTED ON 10/31/2012 AT VACAVILLE! CALIFORNIA.

*Eugene Kincaide*

EUGENE KINCAIDE (PETITIONER)

-4-

**Case Name:** Kincaide v. Dickinson

**Case Number:** #CV-S-10-2068-KJM (DAD)

**Court:** U.S. District Court

# PROOF OF SERVICE BY MAIL

I, _____Eugene Kincaide_____ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _____10/31/2012_____ I served the attached: a true copy of the attached:

OPPOSITION TO MAGISTRATE JUDGE
REPORT & RECOMMENDATION

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

Clerk of the Court             Office of Attorney General

U.S. District Court            1300 I Street

501 I Street                   Sacramento, CA 94244

Sacramento, CA 95814

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on _____10/31/2012_____ at the California Medical Facility, Vacaville, California.

EUGENE KINCAIDE
_____
**Declarant**

_Eugene Kincaide_
_____
**Declarant's Signature**